An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-1129

Filed 5 August 2026

Hoke County, Nos. 21CR051214-460, 21CR051215-460

STATE OF NORTH CAROLINA

v.

JADELREONTAE JAMARQU HOBSON, Defendant.

Appeal by defendant from judgment entered 2 June 2025 by Judge Jessica Locklear in Hoke County Superior Court. Heard in the Court of Appeals 14 July 2026.

> *Attorney General Jeff Jackson, by Assistant Attorney General Tanisha D. Folks, for the State.*
>
> *Holladay Law Office, by Sarah Holladay, for defendant-appellant.*

PER CURIAM.

Defendant Jadelreontae Hobson appeals from the trial court's judgment after the jury found him guilty of felony fleeing to elude arrest, possession of a firearm by a felon, and resisting a public officer. For reasoning stated below, we hold Defendant received a fair trial, free from reversible error.

## I. Background

The facts as presented at trial showed the following: on 1 November 2021, former Raeford Police Department ("RPD") Detective Gary McNeill testified he ran the tag on a two-tone Chevrolet Malibu and discovered the tag was registered to a different vehicle. Three days later, Detective McNeill saw the same Malibu at a gas station where he observed Defendant, whom he was familiar with, as the driver. After this, Detective McNeill notified Detective William Tart who was nearby. Detective McNeill observed Defendant drive the Malibu to a store and then down the street past Detective Tart's location. As Defendant passed Detective Tart, Detective Tart turned on his lights and sirens. Defendant did not stop but proceeded to go between fifty-five and sixty miles per hour in a thirty-five miles per hour zone. Eventually, Defendant ran a stop sign and tried to make a left, but lost control of the vehicle, which came to rest on the sidewalk. Defendant fled on food.

Detective McNeill previously alerted nearby Agent Jeff Silver from the Bureau of Alcohol, Tobacco, and Firearms ("ATF") that Defendant was nearby. While Detective Tart secured the vehicle, Agent Silver pursued Defendant. During the pursuit, Defendant had his hands in front of him and appeared to be holding something at his waist. Defendant ultimately surrendered after hiding in bushes and Agent Silver placed Defendant in handcuffs. Agent Silver found a firearm in the bushes where Defendant was hiding.

A grand jury indicted Defendant for possession of a firearm by a felon, felony

fleeing to elude arrest, and resisting a public officer. Following the indictment, a superseding indictment was entered for possession of a firearm by a felon.

At the time of trial, Jeff Silver no longer worked as an ATF agent. On cross-examination, defense counsel attempted to question Silver about his change in employment, but the State objected to further questioning on that issue and the objection was sustained.

A jury returned a verdict finding Defendant guilty of all charges. The trial court sentenced Defendant to 15 to 27 months imprisonment for possession of a firearm by a felon, set to run consecutively with 10 to 21 months for felony fleeing to elude arrest, consolidated with resisting a public officer. Defendant appeals.

II.    Analysis

On appeal, Defendant's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Kinch*, 314 N.C. 99 (1985). In accordance with *Anders* and *Kinch*, counsel advised Defendant of his right to file his own arguments and provided him with a copy of the brief, transcript of proceedings, printed record on appeal, and this Court's mailing address. Defendant has not filed any written arguments on his own behalf with this Court, and a reasonable time in which he could have done so has passed.

Pursuant to *Anders*, this Court must conduct "a full examination of all the proceedings[,]" including a "review [of] the legal points appearing in the record, transcript, and briefs, not for the purpose of determining their merits (if any) but to

determine whether they are wholly frivolous." *Kinch*, 314 N.C. at 102–103 (citation omitted).

Though Defendant's counsel was unable to identify any issues with sufficient merit to support an argument on appeal, counsel refers this court to the following issues which may support Defendant's appeal: (1) whether Agent Silver's voluntary separation from the ATF affected his credibility as a witness, and (2) whether the charge of possession of a firearm by a felon is unconstitutional.[1]

After conducting a full and independent examination of the record, including the potential issues presented by Defendant's counsel, as required by *Anders* and *Kinch*, we hold the record contains no meritorious issue which would entitle Defendant to relief.

We discern no non-frivolous issues, and we affirm.

AFFIRMED.

Panel consisting of Chief Judge DILLON and Judges WOOD and GORE.

Report per Rule 30(e).

---

[1] The question concerning the legality of possession of a firearm by a felon is currently pending before our Supreme Court in *State v. Ducker*, 298 N.C. App. 759 (2025), *disc. rev. granted*, 924 S.E.2d 812 (2026) and as such, we decline to address this issue. *See also State v. Nanes*, 297 N.C. App. 863, 870 (2025).